United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SAULO FERREIRA MELO *on behalf of* HUOYAN DU | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1587 |
| | § | |
| WARDEN, WEBB COUNTY DETENTION CENTER | § | |
| | § | |

**ORDER**

Saulo Ferreira Melo initiated this habeas proceeding on behalf of Huoyan Du (*see* Dkt. No. 1). Because Mr. Melo has not satisfied his burden to clearly justify next friend status, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

## I. BACKGROUND

Mr. Melo filed this petition on Mr. Du's behalf as he is currently detained (Dkt. No. 1 at 9–10). Mr. Melo alleges that Mr. Du's "limited English proficiency, continuous physical confinement, restricted practical access to legal resources and electronic filing, and inability to meaningfully prepare and present a federal habeas action in English" justify conferring next friend status (Dkt. Nos. 1 at 9; 6 at 1–2). The Court finds these reasons insufficient.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing:

(1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction. *Id.* (citing *Weber*, 570 F.2d at 514).

## III. DISCUSSION

Next friend standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather, it is a *rare* designation premised on incapacity, such as mental incompetence or true inaccessibility to the courts. *Id.* at 163–64; *see also Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) ("'[N]ext friend' habeas petitions are rare."). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (citations omitted). Mr. Melo did not rise to the occasion.

For starters, Mr. Du's "detention cannot be used generally to satisfy the 'adequate explanation' requirement. Every habeas corpus action necessarily involves a petitioner who is 'in custody.'" *Ceballo Garcia v. Warden of Diamondback Corr. Facility*, No. CIV-26-710-PRW, 2026 WL 1165187, at *2 (W.D. Okla. Apr. 29, 2026); *see also Mesias v. Garland*, No. 3:26CV86 (DJN), 2026 WL 383795, at *1 (E.D. Va. Feb. 11, 2026) ("The simple fact that Petitioner is detained is insufficient to show that Petitioner cannot appear on his own behalf to prosecute the action."). Likewise, the "[i]nability to speak, read, or write in English is not typically considered an incurable bar to participation in legal proceedings. For instance, non-English-speaking criminal defendants participate in legal proceedings with the aid of translation." *Id.*; *see also Tooke v. Noem*, No. 7:26-CV-

38–WLS, 2026 WL 561047, at *1 (M.D. Ga. Feb. 27, 2026) (finding language hurdles insignificant in a next friend analysis as "most immigrants in detention likely face language . . . barriers").

Nor is the inaccessibility of legal resources an adequate reason. Limited access to legal drafting does not equate to inaccessibility to the courts—particularly because the Administrative Office of the United States Courts provides a form habeas petition to federal detainees. *Ramirez v. Garland*, No. 3:25-CV-3300-S-BW, 2026 WL 599036, at *1 (N.D. Tex. Feb. 2, 2026) (noting that a habeas petitioner may file the appropriate form), *report and recommendation adopted*, No. 3:25-CV-3300-S-BW, 2026 WL 597849 (N.D. Tex. Mar. 3, 2026). This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Real Party in Interest] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at *1 (M.D. Fla. Feb. 5, 2026); *see also Torres v. Warden, Baker Cnty. Corr. Facility*, No. 3:26-CV-311-MMH-SJH, 2026 WL 467260, at *1 (M.D. Fla. Feb. 19, 2026) ("Indeed, many pro se petitioners in immigration custody face the same conditions as [Real Party in Interest] and have litigated their cases on their own.").

Further, a next friend *must* have a significant relationship with the Real Party in Interest. *Whitmore*, 495 U.S. at 163–64. "[C]lose relatives, such as a parent, spouse, or sibling, who maintain a close personal relationship with the aggrieved, would be appropriate persons to maintain a 'next friend' action." *See Davis v. Austin*, 492 F. Supp. 273, 275 (N.D. Ga. 1980). Here, Mr. Melo does not provide any information about his relationship with Mr. Du. *Soto v. Sowell*, No. CV H-25-1362, 2025 WL 2822000, at *4 (S.D. Tex. Oct. 3, 2025) (denying next friend status when putative next friend failed to

allege a significant relationship such as a "spouse or close family member").

Finally, Mr. Melo cannot use next friend status as a guise to engage in the unauthorized practice of law. *Weber*, 570 F.3d at 513–14; *see also Gonzales v. Sheriff of Hays Cnty.*, No. 1:26-CV-205-RP, 2026 WL 1195855, at *2 (W.D. Tex. Apr. 30, 2026) (collecting cases). Importantly, "a next friend may not litigate the case beyond filing the petition." *Jiminez Leon v. Warden of Diamondback Corr. Facility*, No. CIV-26-137-PRW, 2026 WL 1034406, at *3 (W.D. Okla. Apr. 16, 2026). Despite this limited role, Mr. Melo in this action has already filed a motion on Mr. Du's behalf (*see* Dkt. No. 2). Simply put, "[a] non-attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (collecting cases).

Because Mr. Melo fails to show that he may proceed as Mr. Du's next friend,[1] the Court lacks jurisdiction to consider the § 2241 petition. *Burruss*, 2023 WL 319955, at *4; *Wiley v. Texas*, No. 3:25-CV-922-D-BW, 2025 WL 1829835, at *2 (N.D. Tex. June 24, 2025), *report and recommendation adopted*, No. 3:25-CV-0922-D, 2025 WL 1828716 (N.D. Tex. July 2, 2025).

## IV. CONCLUSION

Accordingly, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. Petitioner's Emergency Motion for Immediate Release or Alternatively, for Conversion of Physical Detention to Nonphysical Supervised Custody (Dkt. No. 2) is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

[1] Given the rise of next friend filings, the Undersigned added a notice to her website to provide litigants further information about the next friend standard. United States District Judge Marina Garcia Marmolejo, U.S. DIST. CT. & BANKR. CT., S. DIST. OF TEX., https://www.txs.uscourts.gov/content/united-states-district-judge-marina-garcia-marmolejo (click Notice Regarding Next Friend Filings). Petitioner may consult it should they consider re-filing a habeas petition in this Court.

Additionally, the Clerk of Court is **DIRECTED** to **SERVE** a copy of this Order via any receipted means to:

Saulo Ferreira Melo
215 Rhythm
Irvine, California 92603

Huoyan Du
A-Number: 221-062-109
Webb County Detention Center
9998 S. Hwy 83
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** September 30, 2026.

Marina Garcia Marmolejo
United States District Judge